UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                     Case No:  2:13-cv-259-Ftm-99SPC

JOHN DOE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on the Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #4) filed on April 9, 2013.

On April 4, 2013, Plaintiff, Malibu Media, LLC., filed the instant copyright infringement action (Doc. #1) alleging that John Doe is liable for direct copyright infringement in violation of 28 U.S.C. § 1400(a) (venue for copyright cases) and direct copyright infringement in violation of 17 U.S.C. §§ 106, and 501. Plaintiff has now filed the instant motion to take early discovery. Plaintiff alleges that John Doe's acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to an IP address 98.208.225.207 which is located within the Middle District of Florida. (Doc. # 1-1).  Plaintiff requests that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Provider ("ISP") to obtain identifying information for John Doe so that Plaintiff may complete service of process on the Defendant.  Plaintiff states that it owns a copyright to the motion pictures listed in Exhibit B. Plaintiff alleges that John Doe, without Plaintiff's consent or permission, used a BitTorrent protocol and a BitTorrent client to reproduce and distribute thirty-three (33) separate films or portions of the films.  As a result,

Plaintiff alleges that it has incurred monetary damages, including lost sales, price erosion and a diminution of the value of its copyright. Plaintiff seeks monetary and injunctive relief, and costs and attorneys' fees.

With regard to the instant Motion, Plaintiff alleges that it does not know Defendant John Doe's name and address and therefore is unable to locate John Doe to effect service of process. Plaintiff has been able to obtain only the IP address for John Doe. Plaintiff requests that the Court allow Plaintiff to serve a Rule 45 third-party subpoena on John Doe's ISP address (Doc. # 1-1) so that Plaintiff may obtain the name and contact information of John Doe.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. Proc. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins v. Does 1-1219, 2010 WL 5422569, * 2 (N.D. Cal. December 28, 2011). "A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5)

2


demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, Plaintiff has satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a *prima facie* claim of copyright infringement. Plaintiff attached a listing of the various films and the hash tags showing that they were downloaded. (Doc. # 1-1). Additionally, Plaintiff's research has indicated that the movies were infringed upon and is able to isolate the transactions and the IP address being used on the BitTorrent protocol and a BitTorrent Client to reproduce, distribute, display, or perform Plaintiff's copyrighted works. Moreover, the use of such programs to download copyrighted music infringes copyright. In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004). Plaintiff hired IPP Limited (IPP) a company that provides among other things, forensic investigation services to copyright owners. Tobias Fieser, is employed by IPP. Fieser, in the Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #4-2) stated that he "routinely identif[ies] the Internet Protocol (IP") addresses that are being used by those people that are using the BitTorrent protocol to reproduce, distribute, display or perform copyright works." (Doc. #4-2, at ¶ 6).

Second, Plaintiff has established that it lacks any means of obtaining the subpoenaed information. Plaintiff only has the IP address and cannot locate any further information. Rather, once the IP address, plus the date and time of the detected and documented infringing activity are provided to the ISP, the ISP can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify John Doe.

...

Third, Plaintiff through the Declaration of Tobias Fieser, informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #4-2). Thus, there is a chance that the ISP will destroy the logs needed by Plaintiff.

Fourth, Plaintiff has sufficiently described John Doe by listing the IP address assigned to John Doe, on the days Plaintiff alleges Defendant John Doe engaged in the infringing conduct in a chart (Doc. #1-1) of its Complaint.

Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.

Sixth, and finally, Plaintiff's interest in knowing Defendant John Doe's true identity outweighs Defendant John Doe's interest in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." Call of the Wild Movie, LLC v. Does 1-1062 et al., — F. Supp. 2d —, 2011 WL 996786, *12 (D.D.C. Mar. 22, 2011). Based on the above discussion of the factors, the Court finds that the Plaintiff has demonstrated good cause to grant leave to conduct early discovery to identify John Doe.

Accordingly, it is now

**ORDERED:**

The Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #4) is **GRANTED**.

(1) Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned IP address 98.208.225.207 set forth in Exhibit B of the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order.

(2) Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the Defendant.

(3) Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed by sending a copy of the Complaint, the Motion and this Order to the Defendant.

(4) The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumer. If necessary, the Court shall resolve any disputes

5

between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

(5) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of May, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record